IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CELINA CRUZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | Civil Action No. 1:18-CV-397-RP |
| | § | |
| R2SONIC, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

## DEFENDANT'S OPPOSED MOTION FOR AMENDED FINAL JUDGMENT

Defendant R2Sonic, LLC ("Defendant" or "R2Sonic") hereby respectfully moves the Court to amend the Final Judgment entered in the above-styled cause on November 1, 2019 (Clerk's Doc. No. 78). Specifically, R2Sonic requests that the Order be amended to reflect that the trial occurred in the "Austin Division" of the Western District of Texas, as opposed to the "Waco Division." But more critically, R2Sonic requests that the Court amend its Order with regard to the taxable costs that were apportioned equally to both parties in the penultimate line of the Order.

As the Court is aware, R2Sonic was the prevailing party in the case—following a three-day trial the jury returned a unanimous verdict in R2Sonic's favor on October 23, 2019. As the prevailing party, R2Sonic requested that the Court enter a final judgment entitling it to its taxable costs. *See* Motion for Judgment (Clerk's Doc. No. 77).

Federal Rule of Civil Procedure 54(d) directs that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." In other words, Rule 54 provides "that taxable costs are presumptively awarded to the prevailing party." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir.

1

2013) (finding that "relative wealth" of plaintiffs' employer did not justify District Court's reduction of taxable costs).  Moreover,

> "while the rule does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption [since] denial of costs is in the nature of a penalty for some defection on [Defendant's] part in the course of the litigation.  *Accordingly, when a trial court exacts such a penalty, it should state reasons for its decision*."

*Schwarz v. Folloder*, 767 F.2d 125, 130–32 (5th Cir. 1985) (cleaned up) (emphasis in original) (citing *Baez v. United States Department of Justice*, 684 F.2d 999, 1004 (D.C.Cir.1982) (en banc) ("Every circuit that has considered the question (ten out of twelve) has not only recognized the presumption [in favor of granting costs], but has held that a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.")); *see also Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir. 2006) (concluding that "the losing party's good faith [in bringing the lawsuit] is alone insufficient to justify the denial of costs to the prevailing party").

Based on the foregoing authorities, Defendant R2Sonic respectfully requests an Amended Judgment, in the form attached to this Motion, including an award of taxable costs to Defendant R2Sonic as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d); or, in the alternative, an Amended Judgment setting forth the Court's reasons and the "defection on [Defendant's] part in the course of the litigation" for "exact[ing] such a penalty" of denial of costs.

Case 1:18-cv-00397-RP   Document 79   Filed 11/04/19   Page 3 of 3

Respectfully submitted,

By: */s/ Edward M. ("Ted") Smith*
Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Andrew Broadaway
State Bar No. 24082332
abroadaway@cornellsmith.com
Alan Lin
State Bar No. 24085435
alin@cornellsmith.com

**CORNELL SMITH MIERL
 BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone:  (512) 328-1540
Telecopy:   (512) 328-1541

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 4, 2019, I conferred with Austin Kaplan about the foregoing motion.  He stated that he was opposed to the relief sought herein.

*/s/ Andrew J. Broadaway*
Andrew J. Broadaway

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, I electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record:

*/s/ Edward M. "Ted" Smith*
Edward M. "Ted" Smith